23-6549
Malhi v. Bondi

BIA
Schoppert, IJ
A208 927 581

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

HARJINDER SINGH MALHI,
> *Petitioner,*

v.                                                     23-6549
                                                        NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Jana Junuz, Law Offices of Jana Junuz, P.C., S. Richmond Hill, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Rosanne M. Perry, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harjinder Singh Malhi, a native and citizen of India, seeks review of a May 10, 2023 decision of the BIA affirming a July 31, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harjinder Singh Malhi*, No. A208 927 581 (B.I.A. May 10, 2023), *aff'g* No. A208 927 581 (Immigr. Ct. N.Y.C. July 31, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA affirms the decision of the IJ without an opinion, as occurred here, "we review the IJ's decision as the final agency determination." *Ming Xia Chen v. Bd. of Immigr. Appeals*, 435 F.3d 141, 144 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative

findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76.

Malhi alleged that members of the Shiromani Akali Dal Badal Party beat him twice and threatened to kill him because he supported the Shiromani Akali Dal Mann Party ("Mann Party"). Substantial evidence supports the agency's

3

determination that Malhi was not credible.

As an initial matter, Malhi challenges only the IJ's two inconsistency findings, and thus has abandoned review of the IJ's demeanor and corroboration findings. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). Accordingly, these findings stand as valid bases for the IJ's decision. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir. 2008) (explaining that "waiver is significant because the[] findings could, by themselves, support an adverse credibility determination"). Moreover, were these findings before us, we would give deference to the demeanor finding, which is supported by examples of unresponsive testimony. *See Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) ("We give particular deference to credibility determinations that are based on . . . demeanor, in recognition of the fact that the IJ's ability to observe the witness's demeanor places h[im] in the best position to evaluate whether apparent problems . . . suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question."). Further, we would find no error in the IJ's decision not to give weight to

4

supporting statements from declarants who were interested parties and/or who were not available for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (deferring to the IJ's decision to accord "little weight" to letters because the "declarants . . . were interested parties and neither was available for cross-examination").

The IJ also reasonably relied on the inconsistencies between Malhi's descriptions of a second attack and of his subsequent time in hiding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Malhi's testimony conflicted with his written statement in two respects. First, in his written statement, he reported that he was attacked a second time while hanging posters for the Mann Party's anti-drug campaign, but he testified the posters were about free eye exam and blood donation camps. Second, his written statement and testimony varied about when and for how long he was in hiding after the second attack. Initially, Malhi wrote that he "stayed home for one whole month" after the attack. Certified Admin. R. at 354. Then, on direct examination, he testified that it was "10 days," and on cross-examination described "a week," "10 to 15 days," and "a few days" at home. *Id.* at 67, 85, 98, 99. When asked about the inconsistent descriptions, he explained that he had been unconscious after the attacks and that his family organized his subsequent

5

move to a relative's house. Malhi clarified that he went to live with his uncle within one month of the attack.

The IJ was not required to credit Malhi's explanations. During cross-examination, he denied writing the statement in which he claimed that he was hanging posters for an anti-drug event. But he had earlier affirmed that the contents of the statement were true and correct, and his attempts to explain the inconsistency about when and how long he was in hiding added more inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). In his written statement and his testimony, Malhi identified the precise dates of both of his attacks, the number of attackers, and the times of day he hung posters, and, when asked, he asserted that he would "never forget" the day of the second attack. In light of these statements, his inconsistencies about the most recent attack, which was one of only two incidents of persecution, and about when he went into hiding to avoid further harm, cannot be dismissed as minor or tangential. *See Singh v. Garland*, 6 F.4th 418, 431 (2d Cir. 2021) ("The more serious the inconsistency—*i.e.*, the greater the

importance of the fact upon which inconsistency is found for the success of the petition and the more likely it is that a truthful account would not have included the inconsistency—the more substantial that evidence is in casting doubt on the petitioner's credibility.").

Because these inconsistencies related to the events that served as the basis of Malhi's claims, and because he has not challenged the IJ's demeanor and corroboration findings, we conclude that substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

                                          FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court